IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JEROME DOUGLAS PEARSON, § § § **Plaintiff,** § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § **Defendant.** § | CIVIL ACTION NO. 6:21-CV-00377-JDK |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On September 28, 2021, Plaintiff initiated this civil action pursuant to the Social Security Act ("The Act"), Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**BACKGROUND**

On October 31, 2019, Plaintiff filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income. *See* Transcript ("Tr.") at 109, 110. The applications alleged a disability beginning January 23, 2018. *Id.* at 85, 97. The claims were denied initially on April 25, 2019, and upon reconsideration on January 24, 2020. *Id.* at 167, 168. Plaintiff sought review of the denial at an administrative hearing and had a telephonic hearing on December 1, 2020. *Id.* at 32. The ALJ issued an unfavorable decision on April 28, 2021, and Plaintiff sought review. *Id*. at 32–42. On July 26, 2021, Plaintiff's request for review was denied. *Id.* at 18. Therefore, the ALJ's decision became

the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). Plaintiff has filed the instant action for review.

## **STANDARD**

Title II of the Act provides for federal disability insurance benefits. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Homan v. Comm'r of Soc. Sec. Admin.*, 84 F. Supp. 2d 814, 818 (E.D. Tex. 2000). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues *de novo*," and is not allowed to substitute its judgment for the Commissioner's judgment. *Id.* (quoting *Bowling*, 36 F.3d at 435). Rather, conflicts in the evidence are for the Commissioner to decide. *Id.* (citing *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993)); *see Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); Social Security Ruling ("SSR") 96-5p.

"Substantial evidence is more than a scintilla but less than a preponderance – that is, enough that a reasonable mind would judge it sufficient to support the decision." *Brown v. Astrue*, 344 Fed. Appx. 16, 18–19 (5th Cir. 2009) (citing *Pena v. Astrue*, 271 Fed. Appx. 382, 383 (5th Cir. 2003)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the

plaintiff's age, education, and work history. *Id.* at 19 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 n. 4 (5th Cir. 1987)). However, the Court must do more than "rubber stamp" a decision by the ALJ, it must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985) (internal quotation omitted).

Claimant has the burden for proving disability. *Id.* (citing *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991)). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(I)(1)(A); 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a five step sequential process to determine if the claimant is disabled, and finding "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Step One determines whether the claimant is actually engaged in any "substantial gainful activity." At Step Two, the Commissioner determines whether the claimed physical and/or mental impairments are "severe." At Step Three, the Commissioner determines whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. This step also involves determining the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Step Four determines whether the claimant is capable of performing his past relevant work. Finally, Step Five determines whether the claimant can perform other work available in the local or national economy. 20 C.F.R. § 404.1520(b)–(f). An affirmative answer at Step One or negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a

3

presumption of disability. *Id.* The burden of proof is on the claimant for the first four steps, but Shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in her April 28, 2021, decision:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2024.

2. The claimant has not engaged in substantial gainful activity since January 23, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: diabetes mellitus, neuropathy, chronic kidney disease, and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

6. The claimant is capable of performing past relevant work as a network control, food server, and bartender. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 23, 2018, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

The ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id.* at 42.

## ANALYSIS

Plaintiff alleges error in the ALJ's determination on two bases: (1) the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of Linda Roper, APRN, FNP-BC; and (2) the ALJ erred in failing to find Plaintiff's depression severe. (Doc. No. 13.) The Commissioner argues that the ALJ appropriately considered the record when determining the RFC, and thus the determination at step five is correct, and further argues that substantial evidence supports the ALJ's finding that Plaintiff's depression was not severe. (Doc. No. 14.) Plaintiff contends that the Commissioner misconstrues his arguments. (Doc. No. 15.)

### I.     The ALJ's RFC Finding

The RFC is an assessment made by the Commissioner, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his physical or mental impairments. 20 C.F.R. § 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). When evaluating a claimant's physical abilities, the Commissioner first assesses the nature and extent of physical limitations, and then determines the RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545. The ALJ makes separate function-by-function findings of the seven exertional strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling), and other non-exertional physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching). SSR 96-8; 20 C.F.R. § 404.1545(b). Pursuant to the narrative discussion requirement provided in SSR 96–8, in the ALJ's discussion of the claimant's abilities to perform any of the seven strength demands, "each function must be considered separately (e.g., 'the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours'), even if the final RFC assessment will combine activities (e.g., 'walk/stand, lift/carry, push/pull'). It is especially important that adjudicators consider the capacities separately

when deciding whether an individual can do past relevant work." SSR 96–8p. Only after the function-by-function analysis may the RFC be expressed in terms of the exertional levels of work (sedentary, light, medium, heavy, and very heavy). SSR 96-8.

Plaintiff argues that the ALJ erred in computing the RFC because the ALJ failed to properly evaluate and consider the opinion of Nurse Practitioner ("NP") Linda Roper, a treating provider. (Doc. No. 13.) Plaintiff contends that the ALJ's RFC determination that Plaintiff could perform the full range of light work is not consistent with NP Roper's opinions regarding Plaintiff's abilities to perform simple work-related tasks. *Id*. at 13. Plaintiff argues that ultimately the ALJ "cherry picked" evidence to find the opinion of NP Roper unpersuasive. *Id.* at 9. The Commissioner argues that the ALJ expressly considered NP Roper's opinions and correctly found that they were not persuasive. (Doc. No. 14, at 10–11.)

Here, the ALJ specifically considered the opinion of NP Roper. Tr. at 41. The ALJ stated that she considered the opinion of NP Roper that "indicated that the claimant would need to take unscheduled breaks every two hours; could lift less than ten pounds; could use his hands, fingers, and arms for only ten percent of the in an 8-hour workday; and, the claimant was unable to work," but concluded that "the severity of the described limitations are not supported by overall objective evidence, which revealed rather normal findings with only occasional abdominal tenderness, occasional numbness in the feet, and some decreased grip and strength." *Id.* The ALJ further noted that upon physical examination, Plaintiff demonstrated the ability to ambulate independently and had intact fine motor skills. *Id.* It was for these stated reasons that the ALJ found NP Roper's opinion not persuasive. *Id.*

Plaintiff's argument is essentially a disagreement with the ALJ's consideration of NP Roper's opinions and a request for this court to reweigh the administrative evidence. But the court

cannot reweigh the evidence, try the issue de novo, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at *4 (E.D. Tex. Mar. 27, 2013) (citing *Newton v. Apfel*, 209 F.3d 488, 452 (5th Cir. 2000)). Moreover, the court finds that the ALJ's RFC is overall supported by substantial evidence.

As discussed above, the ALJ concluded that Plaintiff has the residual functional capacity to perform the full range of light work. The ALJ relied on the state agency medical consultants who determined that the claimant could perform light work activity, with no mental limitations. Tr. at 41, citing Exhibits 1A, 2A, 5A-8A, 12F, 14F. Specifically, the ALJ considered medical evidence from consultative examiner Frank Reuter, MD, that indicated a normal physical exam, that Plaintiff's diabetes was under control, that Plaintiff was ambulatory, could walk without difficulty, could stand on either foot, could squat, and could bend to 90 degrees. *Id.* at 39. As noted by the ALJ, Dr. Reuter also found that Plaintiff could pick up a paper clip with either hand, that Plaintiff's strength was good, that the range of motion in Plaintiff's joints was preserved, and that Plaintiff's hypertension and hypothyroidism appeared clinically stable. *Id.* The ALJ further went through Plaintiff's medical visit records for the relevant time period and noted that all of the issues presented were unremarkable or resolved. *Id.* at 40. Finally, the ALJ noted that Plaintiff demonstrated the ability to walk without difficulty and could stand on either foot, squat, and bend. *Id*.

Given the ALJ's thorough review of the medical record, including the opinion of NP Roper, the court cannot conclude that ALJ selectively chose only the evidence that supports her ultimate conclusion as Plaintiff suggests. For the reasons discussed herein, the court finds that the ALJ's RFC is supported by substantial evidence.

## II.     Plaintiff's Severe Impairments

Plaintiff additionally argues that ALJ erred by failing to find that his depression is a severe medical impairment despite evidence of its impact on his ability to perform work successfully. (Doc. No. 13, at 13.) Specifically, Plaintiff argues that the ALJ failed to appropriately consider the opinion of consultative psychological examiner Dr. Borke regarding Plaintiff's depression. *Id.* Plaintiff contends that the ALJ improperly rejected Dr. Borke's opinion as unpersuasive. *Id.* Ultimately, Plaintiff argues that this error impacted the ALJ's RFC because the RFC failed to account for any mental limitations. *Id.* at 15. The Commissioner responds that the ALJ properly considered Plaintiff's depression a medically determinable impairment, but not a severe impairment. (Doc. No. 14, at 15.)

An impairment will be found to be severe unless "it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (quoting *Estran v. Heckler*, 745 F.2d 340, 340-41 (5th Cir. 1984)). Here, the ALJ found that Plaintiff has the severe impairments of diabetes mellitus, neuropathy, chronic kidney disease, and degenerative disc disease. Tr. at 34. As to Plaintiff's depression, while the ALJ found it to be a medically determinable impairment, she did not find it to be severe. The ALJ explained that Plaintiff "has exhibited signs of depression; however, he has repeatedly denied depression and related symptoms prior to and subsequent to this opinion," that he "has generally exhibited normal behavior, no confusion, and appropriate/normal mood and affect," and that he "has frequently denied anxiety, current or past addictions, insomnia, crying spells, loss of control, problems at school or work, thoughts of suicide, depression, thoughts of violence, and frightening visions or sounds." *Id.* at 36. Furthermore, the ALJ did not outright reject Dr. Borke's findings as Plaintiff suggests. The ALJ

extensively discussed Dr. Borke's findings and noted that he diagnosed the claimant with major depressive disorder and further opined that Plaintiff's condition would affect his ability to be successful in obtaining and maintaining employment. *Id.* citing Exhibit 16F. While the ALJ concluded that she found such opinion to be unpersuasive, she noted that she did so because it was not supported by other objective evidence and explained that Dr. Borke "reported some physical functioning issues and vague generalities as to psychological deficits that appear to primarily rely on claimant's subjective reporting." *Id.*

Plaintiff argues that it was erroneous for the ALJ to make a statement that the opinion was unpersuasive without noting whether it was a supportability or consistency finding. (Doc. No. 13, at 14.) However, as explained above, the ALJ expressly stated that Dr. Borke's findings relied heavily on claimant's subjective reporting, thus indicating there was a supportability issue with those findings. Further, the ALJ expressly found that the opinion was not supported by other objective medical evidence, which she discussed. As such, the court does not find this conclusion to be erroneous, and, as discussed above, the court cannot reweigh the evidence, try the issue de novo, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Newton*, 209 F.3d at 452.

## **CONCLUSION**

For all the foregoing reasons, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED** and that this action be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 28th day of June, 2022.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE