# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JEROME DOUGLAS PEARSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-377-JDK-JDL |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jerome Douglas Pearson filed this case pursuant to Social Security Act § 205(g) seeking judicial review of the Commissioner's denial of his application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On June 28, 2022, Judge Love issued a Report and Recommendation recommending that the Court affirm the Commissioner's decision and dismiss this case with prejudice. Docket No. 16. Plaintiff timely objected. Docket No. 17.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff objects that the Magistrate Judge "rubber stamped" the Commissioner's decision. Specifically, Plaintiff objects that the Magistrate Judge mischaracterized Plaintiff's argument as a request to reweigh the evidence when Plaintiff was actually arguing that the ALJ's evaluation of Nurse Practitioner Roper's opinion did not include a supportability finding. Docket No. 17 at 1–2. Plaintiff further objects to the Magistrate Judge's review of the ALJ's depression finding as rubber stamping the ALJ's evaluation of the evidence, which was unsupported. *Id.* at 3.

As to the first objection, the Magistrate Judge fully evaluated the ALJ's consideration of Nurse Practitioner Roper's opinion. The Magistrate Judge extensively discussed the evidence that supported the ALJ's RFC finding, including the opinion of Nurse Practitioner Roper, which the ALJ found to be unpersuasive. Docket No. 16 at 6–7. As the Magistrate Judge noted, the ALJ considered the opinion of Nurse Practitioner Roper that "indicated that the claimant would need to take unscheduled breaks every two hours; could lift less than ten pounds; could use his hands, fingers, and arms for only ten percent of the in an 8-hour workday; and, the claimant was unable to work," but concluded that "the severity of the described limitations are not supported by overall objective evidence, which revealed rather normal findings with only occasional abdominal tenderness, occasional numbness in the feet, and some decreased grip and strength." *Id.* (quoting Tr. at 41).

Plaintiff contends that the ALJ failed to make a supportability finding, or that the finding was at best conclusory. However, a review of the Magistrate Judge's Report and the transcript shows that the ALJ did make a supportability finding and that her finding was not merely conclusory. As the ALJ explained, the severity of the described limitations opined by Nurse Practitioner Roper were "not supported by overall objective evidence" because the other objective evidence "revealed rather normal findings with only occasional abdominal tenderness, occasional numbness in the feet, and some decreased grip and strength," and that Plaintiff had the ability to ambulate independently and had intact fine motor skills. *Id.* at 6 (citing Tr. at 41). As such, the Court finds Plaintiff's objection to the Magistrate Judge's Report with respect to the evaluation of Nurse Practitioner Roper's opinion to be without merit.

Similarly, as to the ALJ's severity finding with respect to Plaintiff's depression, the Court finds that the Magistrate Judge did not merely rubber stamp the Commissioner's decision. Again, the Magistrate Judge went through the evidence that the ALJ considered with respect to Plaintiff's severe impairments and specifically noted that the ALJ made a supportability finding with respect to Dr. Borke's opinion as to Plaintiff's depression, indicating that Dr. Borke's findings relied heavily on claimant's subjective reporting and were not supported by other objective medical evidence. Docket No. 16 at 8–9 (citing Tr. at 36). Accordingly, the Court similarly finds this objection to be without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections (Docket No. 17) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 16) as the opinion of the District Court. The decision of the Commissioner is **AFFIRMED**, and this cause of action is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **20th** day of **July, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE